**SIGNED THIS: March 06, 2006**

                                                                   **MARY P. GORMAN**
                                      **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re:                           )
                                 )   In Bankruptcy
GARY ROBERT BILLINGSLEY,         )
                                 )   Case No. 02-71214
            Debtor.              )
_____)
                                 )
JOHN L. SWARTZ, Trustee,         )
                                 )
            Plaintiff,           )
                                 )
     v.                          )   Adversary No. 05-7041
                                 )
GARY ROBERT BILLINGSLEY,         )
EXCEL ENERGY CO., and            )
PATRICIA MONYOK,                 )
                                 )
            Defendants.          )
```

# O P I N I O N

      The issue before the Court is whether the Bankruptcy Court has

1

the authority to order a corporation in which the Debtor owns stock to turn over to the Debtor's bankruptcy trustee all or a portion of the corporate assets.

The Debtor, Gary Billingsley, owns 500 shares of Excel Energy Co. ("Excel") stock. The Debtor's ex-wife, Patricia Monyok, owns the other 500 outstanding shares of Excel. Excel does not carry on any business and has not filed an income tax return for the last six years. The Debtor has been the sole officer of Excel since December 1, 2001.

Excel settled a legal malpractice claim and netted $46,607.16 after expenses. The funds are currently being held in the trust account of Wolter, Beeman & Lynch, the attorneys for both the Debtor and Excel.

The Debtor's Chapter 7 bankruptcy trustee, John L. Swartz, filed an adversary complaint for accounting and turnover of funds naming the Debtor, Patricia Monyok, and Excel as defendants. The Complaint seeks an accounting of all assets and liabilities of Excel and an order directing Excel to turn over to the Trustee all or some portion of the proceeds from Excel's legal malpractice claim. The Debtor and Excel have responded to the Complaint. They assert that the current liabilities of Excel greatly exceed its assets. Therefore, they argue that there are no assets to be turned over to the Trustee as a result of the Debtor's ownership of shares in Excel.

The Debtor and Excel have filed a Motion for Summary Judgment. They assert that Excel has liabilities of $2,350,238.46 and that Excel's assets are limited to the $46,607.16 from the malpractice lawsuit and a contract for deed of undetermined value. The Trustee opposes summary judgment. The Trustee asserts that a factual issue exists regarding the interest of Questar Petroleum, Inc. to 50% of the malpractice settlement proceeds.

A hearing on the Motion for Summary Judgment was held on December 20, 2005, at which time the Court raised the issue of whether the Court has authority to order a non-debtor corporation to turn over corporate assets to the trustee of one of the corporation's shareholders. The Court questioned whether it had subject matter jurisdiction to preside over what would essentially be a liquidation of a non-debtor corporation. The Court also questioned whether all necessary parties were joined in this adversary case. The Court asked whether a determination of the amount of corporate equity available for distribution to a shareholder could be made absent joinder of corporate creditors. The Court requested that the parties brief these issues.[1]

The Trustee filed a Response to the Motion for Summary Judgment but elected not to brief any of the issues raised by the Court. The Defendants failed to file any further brief.

---

[1] A transcript of the hearing held December 20, 2005, has been filed in this adversary case.

The commencement of a case under 11 U.S.C. § 301 creates an estate. 11 U.S.C. § 541(a). The property of that estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Bankruptcy Code does not define the legal and equitable interests that may be included in an estate. Instead, "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." Butner v. U.S., 440 U.S. 48, 54, 99 S.Ct. 914, 917 (1979); UNR Industries, Inc. v. Continental Casualty Co., 942 F.2d 1101, 1103-04 (7th Cir. 1991). Accordingly, Illinois law governs whether the bankruptcy estate has an interest in the corporate assets of Excel.

The Debtor had a legal and equitable interest in 500 shares of Excel's outstanding shares when he filed his bankruptcy petition. These shares became property of his bankruptcy estate at that time. In re Lipuma, 167 B.R. 522, 525 (Bankr. N.D. Ill. 1994). The interest of a shareholder in a corporation is deemed to be personal property. Butera v. Attorneys' Title Guaranty Fund, Inc., 321 Ill.App.3d 601, 608, 747 N.E.2d 949, 954, 254 Ill.Dec. 537, 542 (2001). "Shareholders have the right to select those who will manage the corporate affairs, to share in the corporation's profits by dividend distribution, and to participate in a distribution of the net assets of the corporation upon its dissolution. They, however, are not the owners in any legal sense of any part of the

corporation's property." <u>Laura Farmers Co-op Elevator Co. v. U.S.</u>, 273 F.Supp. 1019, 1022 (S.D. Ill. 1967). "[B]ecause any shareholder right to receive corporate assets can come only after the claims of corporate creditors have been satisfied or provided for . . . [Illinois Business Corporation Act of 1983 § 9.10], and because it is not within the statutorily-conferred powers of shareholders to liquidate a non-debtor corporation to distribute its assets to pay off such creditors, it cannot be that the asserted winding-up power is one of the property rights of. . . a shareholder that can devolve upon Trustee." <u>In re Winer</u>, 158 B.R. 736, 746 (N.D. Ill. 1993). Moreover, a corporate officer's or director's power to wind up a non-debtor corporation's affairs does not "vest in the trustee so as to pass into the bankruptcy estate." <u>Id.</u> *at* 748.

Under Illinois law, a corporation is a legal entity separate and distinct from its shareholders, directors, and officers. <u>In re Rehabilitation of Centaur Insurance Co.</u>, 158 Ill.2d 166, 172, 632 N.E.2d 1015, 1017, 198 Ill.Dec. 404, 406 (1994). The Bankruptcy Code treats corporations in a similar fashion. The Bankruptcy Code accords a corporation the status of a "person" and treats it as a separate legal entity distinct from its shareholders. 11 U.S.C. § 101(41). Accordingly, a corporation may be a debtor in bankruptcy in its own right [*see* 11 U.S.C. § 109(c)], but it may not jointly seek relief with any other person, including a shareholder,

director, or officer. In re Clem, 29 B.R. 3, 4, (Bankr. W.D. Mo. 1982).

As a result, it is well-settled that assets owned by a corporation are not included in the bankruptcy estate of an individual shareholder. Fowler v. Shadel, 400 F.3d 1016, 1018 (7th Cir. 2005) (Assets of debtor's wholly-owned corporation are not property of the debtor and cannot become part of the bankruptcy estate of the debtor shareholder); In re Russell, 121 B.R. 16, 17-18 (Bankr. W.D. Ark. 1990) (Assets of corporation are not property of debtor shareholder's bankruptcy estate solely by virtue of shareholder's 82% stock ownership of corporation); In re Normandine, 106 B.R. 14, 16 (Bankr. D. Mass. 1989). A debtor's shares in a corporation became part of the bankruptcy estate; the assets of the corporation do not. Ginsberg and Martin on Bankruptcy, § 501[B].[2]

It is clear from the foregoing that the assets of a corporation may not be administered in the bankruptcy case of an individual shareholder, officer, or director. In this case, the Trustee is trying to use Section 542 of the Bankruptcy Code to require the Defendants to turn over and account for the proceeds of a legal malpractice claim owned by Excel. *See* 11 U.S.C. § 542.

---

[2] The Court assumes that Excel is not a dissolved corporation, even though it does not currently conduct business. For a discussion of the treatment of the corporate property of a dissolved corporation in the bankruptcy case of a shareholder, see In re Lipuma, *supra*.

Section 542 requires an entity in possession, custody, or control of "property that the trustee may use, sell, or lease under section 363" to deliver the property to the trustee.  However, Section 363 only authorizes a trustee to use, sell, or lease "property of the estate".  11 U.S.C. § 363.  Thus, the Trustee may sell the Debtor's shares in Excel, but he may not sell the corporate assets of Excel.  Neither Section 542 nor Section 363 provides authority for the Trustee to reach the assets of a non-debtor corporation.

It is unclear to the Court whether a liquidation or winding down of Excel is occurring.  It is also unclear whether the Trustee has actually taken possession and control of the Debtor's stock.  Further, the Trustee continues to assert that additional accounting from the Defendants is necessary in order to administer the Debtor's estate.  The Defendants did not respond to or deny that assertion made in the Trustee's brief.  The Trustee remains entitled to obtain information regarding the value of the Debtor's assets, including his Excel stock.

For the foregoing reasons, the Court finds that the Trustee should not be precluded from further pursuing the Debtor's stock.  Summary Judgment will not be granted.  The pending Complaint should, however, be dismissed because, in its current form, it fails to state a claim upon which relief can be granted and fails to join all necessary parties.  *See* Fed.R.Bankr.P. 7012, Fed.R.Bankr.P. 7019, Fed.R.Civ.P. 12(b)(6), and Fed.R.Civ.P. 19.

Leave should be granted to the Trustee to file an amended complaint if he is able to state a cause of action and if he is able to obtain jurisdiction to include all parties necessary to the resolution of the cause of action he pleads.  Accordingly, the Complaint will be dismissed, but leave will be granted to the Trustee to re-plead.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###